# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TAMMY CONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-04225-NKL |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tammy Conner ("Conner"), challenges the Social Security Commissioner's ("Commissioner") denial of her claim for disability insurance benefits. This lawsuit involves an application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433 and under Title XVI for supplemental security income.

Conner's initial application was denied, and she appealed the denial to an administrative law judge ("ALJ"). After an administrative hearing was held on April 23, 2009, the ALJ found that Conner was not "disabled" as that term is defined in the Act. The Appeals Council denied Conner's request for review, rendering the ALJ's decision the final decision of the Commissioner. The Act provides for judicial review of a final decision of the Commissioner. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

Conner argues that the record does not support the ALJ's finding that she was not under a disability because the ALJ 1) failed to properly evaluate which of Conner's

1

impairments were severe under step two of the sequential process; 2) failed to properly derive a residual functional capacity; 3) failed to provide a proper credibility determination; and 4) failed to properly evaluate whether Conner could return to her past work at step four of the sequential evaluation process. The Court reverses and remands the ALJ's decision because it finds that the ALJ failed to properly evaluate the severity of Conner's impairments under step two of the sequential process. Accordingly, the Court does not reach the remaining issues argued by Conner.

**I.   Discussion**

ALJs evaluate disability claims through a five-step process:

> The claimant must show he is not engaging in substantial gainful activity and that he has a severe impairment. Those are steps one and two. Consideration must then be given, at step three, to whether the claimant meets or equals [an impairment listed in the regulations]. Step four concerns whether the claimant can perform his past relevant work; if not, at step five, the ALJ determines whether jobs the claimant can perform exist in significant numbers.

*Combs v. Astrue*, 243 Fed. Appx. 200, 202 (8th Cir. 2007) (citing SSR 86-8, 20 C.F.R. §§ 404.1520, 416.920).

After describing this process, the ALJ found that Conner was not disabled. At step one, he determined that Conner was not engaging in substantial gainful activity since August 23, 2006.

At step two, the ALJ opined that Conner has obesity; headaches; temporomandibular joint syndrome; an old hematoma in the brain; a history of shingles; some mild degenerative changes in the left shoulder, neck, thoracic spine, and lumbar spine; a history of diagnoses

of chronic obstructive pulmonary disease and emphysema; diabetes and gestational diabetes; post traumatic stress disorder; panic attacks; and a recurrent major depressive disorder. At step two, the ALJ did not determine whether Conner's impairments were severe. The body of the ALJ's opinion, contains several statements about the severity of several of Conner's alleged impairments, but the Commissioner "acknowledges that the ALJ did not make a tidy list of Conner's impairments." [Doc. 11, at p. 10]. The Commissioner further admits that the Court must find certain severity determinations "implicit" in the ALJ's statements. The Court declines to read into the ALJ's opinion implicit statements about the severity of Conner's alleged impairments, a required step in the process. *See, e.g.*, *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007); *see also* 20 C.F.R. § 416.920(a)(4).

Because the ALJ failed to fully analyze the severity of Conner's impairments, the remainder of his opinion, including his residual functional capacity, cannot be properly analyzed by the Court. The Court is not making a determination at this time as to whether the ALJ's opinion is supported by substantial evidence, but notes that the ALJ in this case has previously found Conner not disabled as a result of a hearing in 1999. In this case, however, the ALJ did not take any medical expert testimony or testimony from a vocational expert. For the Court to properly review the ALJ's opinion, he must not take shortcuts in the process and must fully analyze all steps in the sequential process.

## II. Conclusion

Accordingly, it is hereby ORDERED that Conner's Petition [Docs. #3] is GRANTED IN PART. The decision of the ALJ is REVERSED and the case is REMANDED for further

consideration consistent with this opinion.

                s/ NANETTE K. LAUGHREY
                NANETTE K. LAUGHREY
                United States District Judge

Dated: July 12, 2010
Jefferson City, Missouri